UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| THREE RIVERS PROVIDER NETWORK, INC., | Case No. 2:18-CV-135 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| MEDICAL COST CONTAINMENT PROFESSIONALS, LLC, et al, | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendants Medical Cost Containment Professionals, LLC ("Medical Cost"), Daniel Ayala ("Ayala"), Jarred Pierce ("Pierce"), and Frank Whelan ("Whelan"). (ECF No. 13). Plaintiff Three Rivers Provider Network, Inc. ("TRPN") filed a response (ECF No. 19), to which defendants replied (ECF No. 21).

Also before the court is defendants' motion to set aside clerk's entry of default (ECF No. 12), to which plaintiff responded (ECF No. 20). Defendants have not replied, and the time for doing so has since passed.

**I.    Facts**

The instant action involves an alleged breach of contract and conspiracy by former employees of a medical billing company to form a similar organization that utilizes their previous employer's intellectual property and confidential information to grow its business.

**James C. Mahan**
**U.S. District Judge**

At the time of commencement of the suit, plaintiff was a proprietary provider network with its corporate headquarters in Henderson, Nevada.[1] (ECF No. 1 at 1). Plaintiff relies on its contracts with clients, client lists, and intellectual property to serve as the foundation of its business model. *Id.* at 6. The three individual defendants all held high-ranking positions at TRPN: Ayala was plaintiff's national account manager, Pierce was the vice president of managed care, and Whelan served as plaintiff's CFO. *Id.* The company provided the individual defendants access to its intellectual property and had them sign confidentiality agreements. *Id.* at 4-6.

In its complaint, plaintiff claims that beginning sometime in late 2015, Ayala and Pierce, both of whom were plaintiff's employees at the time, violated their confidentially agreements and began to support a competing business, Medical Cost. *Id.* at 6-7. This business would negatively affect plaintiff by using plaintiff's business model and confidential information obtained from its contracts to steal away business, with the ultimate goal of replacing plaintiff in the marketplace. *Id.* at 7.

The complaint establishes a rudimentary timeline of events related to the alleged conspiracy, commencing with the allegation that Pierce began to steal proprietary information in May of 2015. *Id.* In June of 2016, Ayala purportedly used his company email account to discuss the fiscal budget for the new company. *Id.* On April 8, 2016, Pierce signed a termination agreement with plaintiff. *Id.* In exchange for $50,000 in severance pay, Pierce promised to maintain the strict confidentiality of all plaintiff's proprietary information that he obtained while employed with the company. *Id.* Ayala signed a similar agreement on August 3, 2016. *Id.*

In July of 2017, while still employed by plaintiff, Ayala officially filed to register Medical Cost as an LLC in California. *Id.*

Plaintiff filed suit in the United States District Court for the District of Nevada on January 24, 2018. *Id.* at. Plaintiff asserts four causes of action against all four defendants: (1) conversion; (2) usurpation of corporate opportunity; (3) violation of the Uniform Trade Secrets

---

[1] Based on the pleadings in this case, it is unclear if plaintiff still maintains its headquarters in Henderson.

Act; (4) unjust enrichment; and (5) constructive trust. *Id.* at 19-23. Plaintiff asserts the following causes of action against the individual defendants only: (1) breach of contract; (2) implied covenant of good faith and fair dealing; (3) civil conspiracy; and (4) breach of fiduciary duty. *Id.* at 10-18. Additionally, plaintiff asserts breach of duty of loyalty against Whelan. *Id.* at 15-16.

In the instant motion, defendants move to dismiss for lack of personal jurisdiction. (ECF No. 13).

## II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss for lack of personal jurisdiction. To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations would establish a prima facie case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Courts accept allegations in a plaintiff's claim as true and should construe factual disputes in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction over a defendant is proper when the law provides for jurisdiction and the exercise of jurisdiction comports with notions of due process. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065.

Due process requires the defendant have at least "minimum contacts" with the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Walden*, 134 S.Ct. at 1126.

In analyzing whether a defendant has a sufficient connection with the forum state, courts distinguish between general and specific jurisdiction. *See Helicopteros Nacionales de Colombia S.A. v. Hall,* 466 U.S. 408, 414 n.8-9 (1984). General jurisdiction is appropriate where a defendant's activities in the forum state are so "substantial" or "continuous and systematic" that the defendant is essentially at home in the forum state. *Daimler*, 571 U.S. at 127. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

If a court does not possess general jurisdiction, it still may exercise specific jurisdiction if the defendant has sufficient minimum contacts with the forum state in relation to the cause of action. Specific jurisdiction allows a court to hear claims that arise out of a defendant's "purposefully directed" activities in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The Ninth Circuit has established a three-prong test for determining specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

The plaintiff bears the burden of satisfying the first two prongs. *Id.* Accordingly, if the plaintiff fails at the first step, the jurisdictional inquiry ends and the court must dismiss the case. *Boschetto*, 539 F.3d at 1016. If a plaintiff meets this burden, a defendant hoping to defeat jurisdiction must show that the court's exercise of jurisdiction is unreasonable. *Schwarzenegger*, 374 F.3d at 802.

The Ninth Circuit "often uses the phrase 'purposeful availment,' in shorthand fashion, to include both purposeful availment and purposeful direction, but availment and direction are, in fact, two distinct concepts." *Id.* The purposeful-availment analysis is appropriate for claims

- 4 -

sounding in contract, while the purposeful-direction analysis is appropriate for claims sounding in tort. *Id*.

The plaintiff cannot be the defendant's only connection to the forum state. *Walden,* 134 S.Ct. at 1122. "[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* (citing *Burger King,* 471 U.S. at 478).

**III. Discussion**

**A.** *Motion to dismiss*

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff's complaint states that plaintiff is a Nevada corporation and that each defendant either operates or resides primarily in California. (ECF No. 1 at 1-2). In its response to the instant motion, plaintiff contends that the court has both general and specific jurisdiction over defendants. (ECF No. 19). Because plaintiff asserts both types of personal jurisdiction, the court will analyze whether it may exercise either general or specific jurisdiction over defendants.

*a. General jurisdiction*

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Daimler*, 571 U.S. at 137 (citations omitted).

*i. Individual defendants*

Affiliation with a corporation located in Nevada does not automatically support a court's exercise of general jurisdiction over a defendant in Nevada. *See Southport Lane Equity II, LLC v. Downey*, 117 F. Supp. 1286, 1296 (D. Nev. 2016). In *Southport*, the court held that subjecting directors or officers of a corporation to jurisdiction in any forum in which a corporation operates, when the directors themselves have no personal contact with the forum state, violates due process. *Id*.

Here, plaintiff argues that the court may exercise general jurisdiction over the individual defendants due to the fact that they: (1) executed severance agreements with plaintiff, a Nevada

company; (2) worked for plaintiff and acted as plaintiff's agent to contract other parties with the company; and (3) filed tax returns for plaintiff as part of their employment duties. (ECF No. 19 at 4-7). The court finds that these connections to Nevada are not so "continuous and systematic" as to render the individual defendants at home in the forum state. *See Daimler*, 571 U.S. at 127. Plaintiff never alleges that the individual defendants reside in Nevada or have an intent to remain in the state. Accordingly, the court cannot exercise general jurisdiction over the individual defendants. *See Southport*, 117 F. Supp. at 1296.

### ii. Medical Cost

Plaintiff argues that the court may exercise general jurisdiction over Medical Cost due to the fact that Medical Cost: (1) calls itself a "National" company; (2) has a single contractual relationship with a company that "operates" in Nevada; and (3) has clients that have a national presence, which includes Nevada. (ECF No. 19 at 8).

Again, plaintiff does not allege that Medical Cost is incorporated in Nevada or has a sufficient nerve center in the state such that its principal place of business is Nevada. The fact that Medical Cost contracts business with national companies such as AAA or McDonald's has no bearing on whether Medical Cost has continuous and systematic contacts with Nevada. *See Daimler*, 571 U.S. at 127. Accordingly, the court cannot exercise general jurisdiction over Medical Cost.

### b. *Specific jurisdiction*

Because plaintiff raises both contract and tort-based claims, the court will employ the tests for purposeful availment and purposeful direction when evaluating the first prong of the Ninth Circuit test for specific jurisdiction. *See Schwarzenegger*, 374 F.3d at 802.

### i. *Purposeful-availment analysis*

"[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008). The purposeful-availment analysis examines "prior negotiations and contemplated future consequences," as well as "the parties' actual course of dealing." *Burger King*, 471 U.S. at 478. When parties "reach out beyond one state and create continuing relationship and obligations with citizens of another state,"

James C. Mahan
U.S. District Judge

they are "subject to regulation and sanction in the other state for the consequences of their activities." *Id.* at 479 (internal citations omitted).

The fact that a non-resident enters the forum state to execute or perform a contract with a resident does not *per se* establish "minimum contacts." *Gray & Co. v. Firstenberg Mach. Co, Inc.*, 913 F.2d 758, 760 (9th Cir. 1990). The Ninth Circuit has held that a defendant's presence in the forum to close a contract, without more, does not constitute personal availment. *See FDIC v. British-American Ins.*, 828 F.2d 1439, 1444 (9th Cir. 1987).

Here, plaintiff fails to allege that defendants have purposefully availed themselves of the protections of Nevada laws. Plaintiff's main argument is that through asserting "[n]ational presence on a website, a single contractual relationship with a company that operates in Nevada, dealings with national companies that have customers in Nevada, and previous acts as agents for plaintiffs while not residing in Nevada, defendants have purposefully availed themselves of Nevada law." (ECF No. 19 at 12-15).

As defendants assert, none of these connections establish an ongoing business relationship with a forum state resident that requires performance of a contract in Nevada. (ECF No. 21 at 7); *see Burger King*, 471 U.S. at 472. Plaintiff attempts to salvage its argument by noting that defendants' severance agreements contain a Nevada jurisdiction provision. (ECF No. 19 at 12). However, the agreements contain a choice of law provision only. (ECF No. 21-1 at 2-3).

### ii. Purposeful-direction analysis

A defendant purposefully directs an activity in the forum state when he (1) commits an intentional act, (2) expressly aimed at the forum state, (3) that causes harm, the brunt of which is suffered and the defendant knows is likely to be suffered in the forum state. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006); *Arandell Corp. v. Xcel Energy, Inc.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009). It is not enough that the defendant's acts create "foreseeable effects in the forum state." *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675 (9th Cir. 2012).

When evaluating personal jurisdiction, the Ninth Circuit defines an intentional act as "an external manifestation of the actor's intent to perform an actual, physical act in the real world, not

including any of its actual or intended results." *Id.* at 674. Courts generally recognize that misrepresentations underlying tort claims constitute intentional actions for the purposeful-direction analysis. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) (holding that publishing an allegedly defamatory article constitutes an intentional act).

Here, defendants' alleged conduct underlying plaintiff's tort claims against them—conversion and violation of the Uniform Trade Secrets Act—is intentional. *See Wash. Shoe Co.*, 704 F.3d at 674.

However, defendants did not expressly aim their intentional acts at the forum state. In *Walden*, the Supreme Court clarified the threshold for exercising specific jurisdiction, noting that a defendant's knowledge of plaintiff's residence in the forum state alone is insufficient to satisfy a "minimum contacts analysis."[2] 134 S.Ct. at 1124-25. Here, plaintiff's main argument rests on the notion that defendants knew plaintiff was a Nevada company and were aware that the harm they allegedly caused would have an effect felt in Nevada. (ECF No. 19 at 13-16). Per the holding in *Walden*, this argument alone is insufficient for the court to exercise specific jurisdiction over defendants. 134 S.Ct at 1121. Accordingly, plaintiff fails to demonstrate that defendants expressly aimed their actions at the forum state.

### iii. The suit did not arise out of defendants' contacts with Nevada

The second prong of the Ninth Circuit test for specific jurisdiction states that "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Schwarzenegger*, 373 F.3d at 802. In determining whether the claim "arises out of" the non-resident's forum-related activities, the Ninth Circuit uses a "but for" test, i.e., plaintiff's not suffering a loss "but for" defendant's contacts satisfies the element. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

Assuming, *arguendo*, that defendants did purposefully avail themselves of Nevada law or purposefully direct their actions at Nevada, the alleged injury does not arise out of their contacts with the forum state. As defendants state, the individual defendants contracted in California for

---

[2] Previously, the Ninth Circuit deemed an act "expressly aimed" when the defendant allegedly engaged in wrongful conduct targeted at a plaintiff whom the defendant knew to be a resident of the forum state. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

**James C. Mahan**
**U.S. District Judge**

their employment, performed their duties under that employment in California, and allegedly performed the acts that violated the terms of their employment agreements in California. (ECF No. 13 at 10); *cf. Picot v. Weston*, 780 F.3d at 1212-13 (holding that the contract did not anticipate defendant discharging his contractual duties in the forum state). As plaintiff does not dispute these facts, the court holds that plaintiff fails to demonstrate a prima facie basis for personal jurisdiction. *See Boschetto*, 539 F.3d at 1015.

### B. *Motion to set aside clerk's entry of default*

Defendants also move to set aside clerk's entry of default. (ECF No. 12). In its response, plaintiff notes that it "is . . . willing to withdraw the default." (ECF No. 20 at 3). The court will therefore grant defendants' motion.[3]

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to set aside clerk's entry of default (ECF No. 12) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED July 30, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[3] In its response to defendants' motion to set aside clerk's entry of default, plaintiff seeks compensation for its attorney's fees. (ECF No. 20 at 3). As plaintiff has not filed a separate motion for attorney's fees, the court will not consider its request.

**James C. Mahan
U.S. District Judge**

- 9 -